Patrick D. BARRETT, Plaintiff–
Appellant,

v.

TEMA DEVELOPMENT (1988),
INC., Defendant–Appellee.

No. 06–5785–cv.

United States Court of Appeals,
Second Circuit.

Oct. 24, 2007.

699

David John Hoffman, New York, NY, for Plaintiff–Appellant.

Thomas G. Rohback (Gail L. Gottehrer, on the brief), Dewey & LeBoeuf LLP, Hartford, CT, for Defendant–Appellee.

PRESENT: Hon. AMALYA L. KEARSE and Hon. JOSEPH M. McLAUGHLIN, Circuit Judges.[1]

## SUMMARY ORDER

Patrick D. Barrett appeals from the district court's judgment dismissing, for lack of personal jurisdiction, his complaint for breach of contract and breach of fiduciary duties. We assume the parties' familiarity with the facts and procedural history. Reviewing the district court's decision *de novo, see Grand River Enters. Six Nations, Ltd. v. Pryor,* 425 F.3d 158, 165 (2d Cir.2005), we agree that Barrett failed to present legally sufficient allegations of personal jurisdiction over Tema Development (1988), Inc. ("Tema"), *see Jazini v. Nissan Motor Co.,* 148 F.3d 181, 184 (2d Cir.1998).

---

1. The Honorable Robert D. Sack, who was originally a member of this Panel, recused himself following oral argument. The remaining two members of the Panel, who are in agreement, decide this case in accordance with Second Circuit Local Rule 0.14(b).

Barrett argues that N.Y. C.P.L.R. 302(a)(1) authorizes personal jurisdiction over Tema. "To establish personal jurisdiction under section 302(a)(1), two requirements must be met: (1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC,* 450 F.3d 100, 103 (2d Cir. 2006). Barrett's argument fails because, whether or not Tema "transacted business" in New York, Barrett's claims do not arise out of any New York transactions.

Tema is a Delaware corporation with its principal place of business in Texas. The contract giving rise to Barrett's claims was neither negotiated nor executed in New York. The alleged breaches occurred when Tema refused to complete a real estate transaction in Massachusetts, and all the investments the parties contemplated under the contract were located outside New York. Although Barrett avers that he communicated with Tema from New York, and that he "had a conversation" with Tema's principal in New York "concerning" the contract, these barren allegations do not establish a "substantial nexus between [the parties' communications] and the cause of action sued upon." *Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.,* 98 F.3d 25, 31 (2d Cir.1996) (internal quotation marks omitted).

Barrett's allegations that Tema paid the bills of a New York law firm that represented Barrett and Tema in the failed Massachusetts transaction and that Tema maintained a New York bank account are also unavailing. The payment of legal bills and the location of Tema's assets are irrelevant to Barrett's claim that Tema was obligated to complete the Massachusetts real estate transaction.

Accordingly, the judgment of dismissal for lack of personal jurisdiction is AFFIRMED.